PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DEON MCQUEEN, | ) | CASE NO. 4:25-CV-00524 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF No. 27] |
| Defendant. | ) | |

The Court considers Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). *See* ECF No. 27. Having reviewed the relevant filings and applicable law, the motion is granted for the reasons herein.

## I. BACKGROUND

Plaintiff Deon McQueen started working at Defendant Drug Enforcement Administration in 2021. *See* ECF No. 27–1 at PageID #: 161. He was terminated after nine months of probationary employment. *See* ECF No. 27–1 at PageID #: 161. In response, he sued Defendant in federal court alleging racial discrimination, retaliation, and hostile work environment under federal and state laws. *See* ECF No. 1; 42 U.S.C. §§ 1983, 2000e–3(a), 2000e *et seq.*; Ohio. Rev. C. §§ 4112.02(I), 4112.02(A). Defendant declined to waive service of process. ECF No. 27–1 at PageID #: 162. Plaintiff incorrectly told the Court that he completed service *via* priority mail. *See* ECF Nos. 8, 9, 10. Defendant filed a notice of insufficient service in response. *See* ECF No. 12. The Court twice ordered Plaintiff to show cause for insufficient service under Fed. R. Civ. P. 4(m). *See* ECF Nos. 18, 24. Plaintiff incorrectly notified the Court—now for the second time—

(4:25-CV-00524)

that he completed service.  See ECF No. 25.  To date, Plaintiff has not served the United States Attorney General or Defendant as required by Fed. R. Civ. 4(i)(1)(B) and (C).  Defendant now moves to dismiss for lack of personal jurisdiction due to insufficient service.  See ECF No. 27.  Plaintiff did not respond in opposition; instead, he filed an amended complaint without leave of Court.  See ECF No. 29.

## II.  DISCUSSION

Without service, a court has no personal jurisdiction.  See *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).  Without personal jurisdiction, a court has no power of adjudication.  See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).  When suing a federal agency, a plaintiff must: (1) deliver a copy of the summons and complaint to the United States attorney (or their designee) for the district where the action is brought, or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and, if the action challenges an order of a nonparty agency or officer of the United States, (3) send a copy of the summons and complaint by registered or certified mail to that agency or officer.  See Fed. R. Civ. P. 4(i)(1) *et seq.*  Mere awareness of a federal lawsuit is not an adequate substitute for proper service.  See *Engler v. Arnold*, No. 4:14-CV-2442, 2015 WL 4213642 *2 (N.D. Ohio July 10, 2015).  In response to a proper motion alleging insufficient service, a court may dismiss a complaint under Fed. R. Civ. P. 12(b)(5).  See *Boulger v. Woods*, 917 F.3d 471 (6th Cir. 2019).

Granting dismissal for insufficient service is "mandatory, not discretionary" in this case.  See *Nicholson v. N–Viro Int'l Corp.*, No. 3:06CV01669, 2007 WL 2994452, at *4 (N.D. Ohio Oct.12, 2007) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (cleaned up).

(4:25-CV-00524)

Plaintiff has properly served neither Defendant nor the Attorney General as required by Fed. R. Civ. P. 4(i)(1) *et seq.*  His "notices regarding service" contain no verifiable evidence of transmission or delivery *via* certified or registered mail as required.  See ECF No. 25.  Despite multiple orders from the Court, Plaintiff has failed to show cause or complete service in the 250 days since initiating this action, thereby failing to establish the Court's personal jurisdiction over Defendant.  See ECF Nos. 8, 12, 18, 24, 25, 26.  Consequently, dismissal is warranted.

### III.  CONCLUSION

Defendant's Motion to Dismiss (ECF No. 27) is granted under Fed. R. Civ. P. 12(b)((2) and (5) for lack of personal jurisdiction due to deficient service of process.  Plaintiff's Complaint is hereby dismissed without prejudice.

IT IS SO ORDERED.

| November 21, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

3